[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Aaron P. Slitt, Esq., Defense Counsel, for Petitioner William T. Gerace, Esq.
Christopher Morano, Esq., Assistant State's Atty. for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of three counts of sale of cocaine by a person who is not drug-dependent in violation of General Statutes 21a-278 (b) and one count of possession of cocaine with intent to sell in violation of General Statutes 21a-277 (a). On the possession count, a sentence of fifteen years was imposed. On the three violations of 21a-278 (b) sentences of ten years on each count, execution suspended after five years to run consecutively to each other but concurrently with the fifteen years imposed on the possession count. The total sentence imposed was thirty years imprisonment suspended after fifteen years with probation.
On appeal, the appellate court reversed the convictions on the 21a-278 (b) charges and remanded for a new trial. The conviction and fifteen year sentence for violation of21a-277 (a) was not disturbed by the appellate court action.
Subsequently, petitioner entered pleas of guilty to the three violations of 21a-278(b) and sentences of five years on each count were imposed. The sentences were to be served concurrently with each other and the sentence imposed for violation of 21a-277(a) making a net total sentence of fifteen years.
Petitioner seeks review only of the fifteen year sentence for violation of 21a-277(a).
The facts underlying petitioner's conviction for possession of cocaine with intent to sell arise out of the execution of a search and seizure warrant on petitioner's place of business. The search unearthed sixty-one grams of cocaine, gram scales and CT Page 7152 a quantity of cash.
Attorneys for the petitioner presented statistics tending to demonstrate that the sentence imposed was disproportionately harsh. They also stressed that petitioner was not a large scale dealer and these drug offenses represented petitioner's first convictions. It was also stressed that petitioner, who was forty-two years of age at the time of conviction, had been a successful business man. He was a disabled Vietnam veteran who had been recommended for the Congressional Medal of Honor and awarded the Navy Cross.
Petitioner stressed his prior record of accomplishments. He further stated that he was drug dependent at the time and that the criminal transactions were accommodation sales.
The state's attorney argued that the sentence should stand. He stressed the amount of narcotics and the number of sales. He also stated that petitioner should have known better than to engage in such criminal conduct.
The legislature has established severe penalties for those convicted of selling narcotics and it was proper for the court to impose a sentence which would be appropriately long so as to protect the public and deter others from committing such crimes.
It is noted that the presentence investigation recommended a period of incarceration followed by probation. It is also noted that the original sentence included probation but this provision was eliminated when the judgment was reversed.
Considering all of the factors involved here, including petitioner's prior good record and past accomplishments, it is found that a sentence of fifteen years execution suspended after twelve years with probation for five years would be appropriate in light of the character of the offender and the protection of the public interest. The probation should also include as special conditions, requirements for drug testing and counseling.
Accordingly, it is so ordered and the matter is referred to the superior court for the judicial district of Hartford-New Britain for resentencing.
Purtill, J. Klaczak, J. Norko, J. CT Page 7153